FILED
JAN - 6 2015
CLERK, U.S. DISTRICT COURT
By _____ Deputy

SEALED

# United States District Court

DISTRICT OF _____ TEXAS

In the Matter of the Search of
(Name, address or Brief description of person, property or premises to be searched)
One white Apple iPhone ("Target Device #2") currently in custody of the Drug Enforcement Administration, 10160 Technology Blvd. East, Dallas, Texas

APPLICATION AND
AFFIDAVIT FOR
SEARCH WARRANT

CASE NUMBER:

I __Greg Jones__ being duly sworn depose and say:    **3-15MJ004-BH**

I am a(n) __Task Force Officer with the Drug Enforcement Administration (DEA)__ and have reason to believe that on the person of or __XX__ on the property or premises known as (name, description and/or location)

One white Apple iPhone ("Target Device #2") currently in custody of DEA, 10160 Technology Blvd. East, Dallas, Texas, depicted in Attachment A     (SEE ATTACHMENT A)

in the ___NORTHERN___ District of _____TEXAS_____ there is now concealed a certain person or property, namely (describe the person or property to be seized)

(SEE ATTACHMENT B)

which is (state one or more bases for search and seizure set forth under Rule 41(b) of the Federal Rules of Criminal Procedure):

property that constitutes evidence of the commission of a crime; contraband, fruits of crime, or is otherwise criminally possessed; or property designed for use, intended for use, or used in committing a crime.

concerning a violation of Title __21__ United States Code, Section(s)_841(a)(1), 843(b), and 846 & 18 U.S.C. 1956 and 1957_. The facts to support a finding of Probable Cause are as follows:

(SEE ATTACHED AFFIDAVIT OF GREG JONES).

Continued on the attached sheet and made a part hereof.    XX Yes / No

_____
Signature of Affiant
Greg Jones
Task Force Officer, DEA

Sworn to before me, and subscribed in my presence

__January 6, 2015__                at        __Dallas, Texas__
Date                                            City and State

__IRMA C. RAMIREZ__
__United States Magistrate Judge__          _____
Name and Title of Judicial Officer              Signature of Judicial Officer

# AFFIDAVIT

I, Gregory Jones, a Task Force Officer with the Drug Enforcement Administration, state the following:

1. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510 (7) of Title 18, United States Code, in that I am empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Section 2516 of Title 18, United States Code and am duly authorized by the Attorney General to request a search warrant. I am currently assigned as a Task Force Officer (TFO) to the Dallas Field Division of the Drug Enforcement Administration (DEA), United States Department of Justice. I have been assigned as a TFO with DEA since June 2014. I am also a police officer with the Fort Worth Police Department, Fort Worth, Texas. I have been a police officer for approximately sixteen years and have investigated narcotic offenses for the past two months and throughout my career. I have participated in all of the normal methods of investigation, including, but not limited to, electronic and visual surveillance, general questioning of witnesses, the use of search warrants, the use of confidential informants, the use of pen registers, and the use of undercover agents. I have attended numerous narcotics training courses, as well as various other narcotics and general law training courses, pertaining, narcotics interdiction, confidential source handling, interviews, and interrogation. I have also received training in the investigation of major drug-traffickers. I have conducted federal and state investigations involving the sale, distribution, importation, and smuggling of illegal narcotics and/or the laundering of proceeds derived from the sale thereof. I am familiar with means and methods involved in narcotics distribution including the use of coded language by narcotic traffickers.

2. Based on my training, experience, and participation in firearms, narcotics and financial investigations involving trafficking of large amounts of cocaine, methamphetamine, marijuana and other controlled substances, I know the following:

   a. that drug traffickers maintain books, records, receipts, notes, ledgers, airline tickets, money orders, telephone books, address books, and other papers relating to the importation, transportation, ordering, sale, purchase, and distribution of controlled substances that contain names, nicknames, addresses and phone numbers of members of the drug-trafficking organization;

   b. that the aforementioned books, records, receipts, notes, ledgers, etc., are maintained where drug-traffickers have ready access to them such as in their residences and places of business, cellular telephones that they carry with them, and computers;

    c.      that it is common for large scale drug-traffickers to hide contraband and the proceeds of drug sales;

    d.      that persons involved in drug-trafficking conceal in their phones and computers evidence of financial transactions relating to obtaining, transferring, hiding, or spending of large sums of money from engaging in drug trafficking activities;

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. This Affidavit supports an Application under Rule 41 of the Federal Rules of Criminal Procedure for a Search Warrant authorizing the examination of property comprising one white Apple iPhone cellular telephone, model number: IMSI number (Unattainable), IMEI: (Unattainable), Telephone# (972-816-7579), depicted in Attachment A, seized from Jorge Ramirez on January 5, 2015 a white iphone, and currently in the custody of the Drug Enforcement Administration at 10160 Technology Blvd East, Dallas, TX 75220, in the Dallas Division of the Northern District of Texas, and the extraction from that property of electronically stored information described in Attachment B. This phone will be referred to as Target Device #2. This particular brand and model of phone is known to have the capability to have its contents erased remotely. To avoid the risk of destroying the contents of Target Device #2, I have not attempted to obtain the IMSI, IMEI, and telephone number for the Target Device #2 but instead identify it by the photograph of it (Attachment A) and chain of custody confirming that the cellular telephone picture is the same one seized from Jorge Ramirez on January 5, 2015is maintained in evidence at DEA.

5. Based on the facts set forth in this affidavit, probable cause exists to believe that Target Device #2 will contain evidence of offenses involving 21 U.S.C. § 841(a)(1) (possession of a controlled substance with intent to distribute); 21 U.S.C. § 843(b) (use of a telecommunication facility to facilitate a drug felony); 21 U.S.C. § 846 (conspiracy to possess with the intent to a distribute controlled substance); and 18 U.S.C. §§ 1956 and 1957 (the laundering of monetary instruments and engaging in monetary transactions in property derived from specified unlawful activity) (the "Target Offenses"), as well as the identification of individuals who are engaged in the commission of these offenses.

6. On January 5, 2015, officers with the Dallas Police Department were requested by Task Force Officer Jones to effect an arrest on Jorge Ramirez on a federal warrant based on Ramirez's indictment in criminal Case No. 3:14CR0469-K(1). Ramirez, along with co-conspirator Nathan Smith, had been indicted by a federal grand jury for conspiracy to

**Affidavit - Page 2**

possess with intent to distribute a controlled substance, namely methamphetamine. The indictment alleges that on or about August 6, 2014, Ramirez and Smith conspired to possess with intent to distribute methamphetamine. Both Ramirez and Smith were arrested by the Dallas Police Department on August 6, 2014, on state charges. Later, in December 2014, a federal grand jury returned an indictment referenced above.

7. On January 5, 2015, Task Force Officer Jones was attempting to execute the warrant for Ramirez's arrest resulting from the federal indictment. TFO Jones had information that Ramirez was to be in the area of 4100 Lemmon Ave, Dallas, Texas, and was believed to be in a white Lexus. TFO Jones knew this because, acting in an undercover capacity, on January 5, 2014, he had contacted Ramirez via text message at telephone number 972-816-7579 and Ramirez had responded. TFO Jones and Ramirez had communicated as recently as approximately 30 minutes before Ramirez's arrest on telephone number 972-816-7579. TFO Jones arranged to meet Ramirez at a location near 4100 Lemmon Avenue, Dallas, Texas. Dallas Police Department officers arrived and, having arrested Ramirez on a previous date, immediately recognized Ramirez as he was parked in a shopping center sitting in the driver's seat of a white car. Ramirez was arrested without incident.

8. The vehicle, a 2015 Lexus is250, was searched. Inside officers found and seized the following: one fully loaded, Smith and Wesson SD9 VE 9mm semi-auto handgun, several clear plastic baggies with a crystal like residue that appeared to be methamphetamine, glass pipes with crystal like residue that appeared to be methamphetamine; US $540 currency; two false compartment containers with clear baggies, two sets of digital scales, and one white iPhone, believed to be Target Device #2. There were no other cellular telephones in the car with Ramirez.

9. During the search of the vehicle, investigators located a white, iPhone cellular telephone, Target Device #2, and Jorge A Ramirez claimed ownership of it. On January 5, 2015, I took custody of Target Device #2. It was housed in a secured vault at the DEA HIDTA Offices.

10. There is probable cause to believe that Target Device #2 contains evidence of the Target Offenses. It was located on the center console in between Ramirez and the firearm and digital scales. In addition, based on my training and experience, including discussions with a forensic technician, I know that it is possible under certain circumstances to access some cellular telephones and remotely "wipe" them. Also, I know that it is possible to download or transfer information from one cellular telephone to another cellular telephone. Target Device #2 appears to be such a cellular telephone.

11. When Ramirez was arrested on August 6, 2014, law enforcement seized a white Apple iPhone from him. That iPhone has remained in custody of law enforcement since

then. In a post-Miranda interview following Smith's and Ramirez's August 6, 2014, state arrests, Nathan Smith said that Ramirez called him earlier in the day, said that he was flying in from Boston, and that they needed to talk. Smith also said that he has dealt drugs for Ramirez. Smith told officers that he was the one screaming for help. He said that they had been fighting with Ramirez and at least one reason was that Ramirez said Smith owed him $10,000 for dope that Smith had stolen from Ramirez. Smith said Ramirez pointed a silver pistol at him with one hand and a pellet gun at him with the other hand. Smith said that Ramirez had shot him 10 to 15 times with a pellet gun and also beaten him. When the police started knocking, Ramirez made Smith get face down in the bath tub and told him not to scream or that Ramirez would kill him. Officers observed bruises and what appeared to be pellet wounds and bruises on Smith's body. Officers also saw a handgun and pellet gun in the apartment.

12. Later, several recorded phone calls between Jorge Ramirez to Nathan Smith were reviewed. These calls largely occurred during the first week following Ramirez and Smith's August 6, 2014, arrests. The calls were recorded while Smith was in custody at the Dallas County jail and after Ramirez had bonded out. On one of the calls, Smith expressed concern about the police having Ramirez's phone. Ramirez responded by telling Smith that he had "wiped" the phone the police seized on August 6, 2014, from 4919 Gaston Ave #201, Dallas, Texas, remotely. I understood "wiped" to mean that Ramirez had remotely deleted or erased the information on the phone that the police had seized, i.e., the target device. Based on that call, investigators believe that Ramirez may have attempted to wipe the device remotely. This call added to my belief that evidence of drug-trafficking and other offense would be located on Ramirez's iPhone.

13. On December 2, 2014, I obtained a federal warrant to search the Ramirez's iPhone seized August 6, 2014, in the matter captioned Misc. No. 3-14-MJ-809-BN. That phone is not the target device that is the subject of this application for a search warrant. On approximately December 4, 2014, a law enforcement forensic technician inspected that iPhone. The technician advised that the phone was an Apple product, namely an iPhone. This device appeared to have been set to be accessed with a fingerprint passcode, thus requiring the fingerprint of the user. On approximately December 5, 2014, another attempt to access the information on that phone was made by using a copy of Jorge Ramirez's fingerprints. The attempt was not successful. The technician was unable to access information on that iPhone. However, in attempting to access the information on that iPhone, the technician did believe that it had not been wiped clean of its data.

13. The recorded calls between Smith and Ramirez while Smith was in the Dallas County jail were made to Ramirez's Telephone# (972-816-7579). This is the same number that I used to text Ramirez to arrange to meet him on January 5, 2015. This means that after law enforcement seized one white Apple iPhone from Ramirez on

August 6, 2014, which has remained in custody of law enforcement since then, Ramirez acquired another iPhone and transferred Telephone# (972-816-7579) to the new device, that is, Target Device #2.

14. Based on all of the foregoing, there is probable cause to believe that Target Device #2 contains evidence, fruits, and instrumentalities of the drug-trafficking activities of Jorge A. Ramirez and other co-conspirators' violations of 21 U.S.C. §§ 841(a)(1), 843, and 846, and 18 U.S.C. §§ 1956 and 1957. I therefore request that the Court issue a warrant authorizing the forensic examination of Target Device #2 identified in Attachment A to seek the items described in Attachment B.

Task Force Officer Gregory Jones
Drug Enforcement Administration

Sworn to before me this 6th day of January, 2015.

IRMA C. RAMIREZ
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF TEXAS

ATTACHMENT A





## **ATTACHMENT B**

1. All records and information on the Target Device relating to violations of 21 U.S.C. §§ 841(a)(1), 843, and 846, and 18 U.S.C. §§ 1956 and 1957, including those that show:

   a. types, amounts, and prices of controlled substances trafficked as well as dates, places, and amounts of specific transactions;

   b. participants such as customers, suppliers, brokers, recruiters, and enforcers (including names, addresses, phone numbers, and all other identifying information);

   c. means of ordering, obtaining, selling, and distributing controlled substances;

   d. receipt, disbursement, and disposition of proceeds of sales of controlled substances;

   e. means of protection such as firearms and ammunition;

   f. schedules or travel; and

   g. Currency, credit card statements, federal and state tax returns, financial instruments, records of real estate transactions, bank and investment account statements and records, transfers of money, cashier's checks, safe deposit boxes, money wrappers, and other items relating to obtaining, transferring, laundering, secreting, concealing, or spending money.

2. Evidence of the user or owner of each Target Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, notes, saved usernames and passwords, documents, and browsing history.

The terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.